UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ROGER BRIGHT and CYNTHIA BRIGHT, individually, and their marital community; DON STUART CHRISTENSEN and JOLANDA, CHRISTENSEN, individually, and their marital community; TYLA MARIE NETTLES, personal representative of the Estate of ADAM MICHAEL ROOKS, deceased; DWAYNE ROOKS, individually; and TYLA MARIE NETTLES, individually<br><br>    Defendants. | NO.   C05-5367RBL<br><br>ORDER ON SUMMARY JUDGMENT |

This matter is before the Court on the parties' cross-motions for Summary Judgement. Plaintiff, Allstate Insurance Company (Allstate), seeks a ruling as a matter of law that there is no insurance coverage for the claims made against the defendants Bright and no duty to defend defendants Bright. In the alternative, Tyla Marie Nettles and Dwayne Rooks seek a ruling as a matter of law that Allstate waived the right to deny liability insurance coverage to defendants Bright and is estopped from raising the defense of non-coverage.

BACKGROUND

On April 24, 2002, Adam Michael Rooks was fatally strangled by a rope attached to playground equipment that was located on a vacant lot next to 211 N.E. Jolly Rogers Lane, Belfair, Washington. The above mentioned address was where Adam Michael Rooks was residing at the time of his death. The vacant lot which contained the playground equipment was, at that time, owned by Don Stuart Christensen and Yolanda Christensen. Roger Bright had quit claimed the vacant lot to the Christensen's sometime between 1995 and 1997. *Deposition of Roger Bright*, dkt. #34, exhibit #2, pg. 29. Until sometime in 2000, Roger Bright and Cynthia Bright owned and resided at the 211 N.E. Jolly Rogers Lane property. *Deposition of Roger Bright*, dkt. #34, exhibit #2, pg. 32. Roger Bright installed playground equipment on the vacant lot sometime in 1990. *Deposition of Roger Bright*, dkt. #34, exhibit #2, pg. 23. At the time of Adam Michael Rook's death, Roger Bright had divorced from his wife, Cynthia Bright. *Deposition of Roger Bright*, dkt. #34, exhibit #2, pg. 16. Cynthia Bright was residing at 30 E. Sterling, Allyn, Washington. *Deposition of Roger Bright*, dkt. #34, exhibit #2, pg. 73. Roger Bright was living elsewhere and was not on speaking terms with Cynthia. *Deposition of Roger Bright,* dkt. #34, exhibit #2, pg. 75 - 77.

On December 16, 2004, Roger and Cynthia Bright were named in a civil wrongful death action concerning the death of Adam Michael Rooks which was filed in Mason County Superior Court. A few days later, Roger Bright contacted Allstate because he and Cynthia had a homeowners policy with Allstate that covered the 30 E. Sterling residence. At this time, Allstate informed Roger Bright that all correspondence relating to his insurance policy would be sent to the address listed on such policy which was the 30 E. Sterling residence. *Deposition of Roger Bright*, dkt.#34, exhibit #2, pg. 73.

On January 5, 2005, Allstate sent a reservation of rights letter to Roger Bright at the 30 E. Sterling address. *Affidavit of Robin Welter*, dkt. #39, pg. 2. The letter indicated that coverage may not apply under Roger and Cynthia Bright's policy. Specifically, it read "Allstate reserves all rights, and defenses which are or may be available under the subject policy and applicable law. No waiver or estoppel of any kind is intended by any act undertaken by Allstate as set forth

herein, and neither should any be inferred." *Affidavit of Robin Welter*, dkt. #39, exhibit A. Roger Bright never received this letter. *Deposition of Roger Bright*, dkt.#34, exhibit #2, pg. 75.

In January 2005, Allstate hired the law firm of Mitchell, Lang and Smith to represent Roger Bright in the Mason County matter. As part of this representation, on March 24, 2005, Roger Bright's attorney filed answers to plaintiff's second set of interrogatories. *Affidavit of Patrick Palace*, dkt. #34, exhibit #6. Specifically, interrogatory #3 asked, "Have any of the insurer's or indemnitor's identified in your response to the above interrogatory, denied in whole or in part coverage or indemnification for any of plaintiff's claims, or accepted defense of this action upon a reservation of rights?" The answer to this question was "No." *Affidavit of Patrick Palace*, dkt. #34, exhibit #6. In November 2005, Roger Bright's attorney filed a second supplemental answer to plaintiff's second set of interrogatories in which the answer to interrogatory #3 was amended to include information regarding Allstate's reservation of rights in the insurance coverage matter. *Affidavit of Patrick Palace*, dkt. #34, exhibit #9.

Allstate contends that there is no insurance coverage under Roger Bright's homeowners policy and that at all times relevant he was provided representation with a reservation of rights.

Roger Bright, Cynthia Bright, Tyla Marie Nettles and Dwayne Rooks contend that because Roger Bright never received the reservation of rights letter, and because Allstate provided him with representation for several months prior to informing him that there was no coverage under his policy that Allstate waived it's right to assert non-coverage and is estopped from asserting a defense of non-coverage.

## INSURANCE POLICIES

Roger Bright purchased a Deluxe Plus Homewoners Policy that took effect December 30, 2001 for the property located at 30 E. Starling, Allyn, Washington 98524. The liability protection limit was $300,000 and includes the following pertinent provision:

Losses We Do Not Cover Under Coverage X:

13. We do not cover **bodily injury** or **property damage** arising out of any premises, other than insured premises, owned, rented, or controlled by an **insured person**.

There is no dispute between the parties as to whether or not the insurance policy covers the

property where the fatal injuries were suffered by Adam Michael Rooks. It does not.

## SUMMARY JUDGEMENT STANDARD

Summary judgement is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgement if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catreti,* 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgement. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Trition Energy,* 68 F.3d at 1222.

## DISCUSSION

The two issues before the Court are waiver and estoppel. Under Washington State law, waiver may preclude an insurance company from raising a coverage defense after it agrees to defend an action without reserving rights. *Underwriters at Lloyds v. Denali Seafoods, Inc.,* 927 F.2d 459, 462 (1991). The critical issue under the waiver analysis is whether the insurance company initially defended this action without reserving rights. The facts of this case indicate that Allstate sent a reservation of rights letter to Roger Bright on January 5, 2005. This letter was sent to the address listed on the insurance policy which was 30 E. Sterling, Allyn, Washington. Cynthia Bright was currently residing at this address. Allstate informed Roger Bright that all correspondence regarding his insurance policy would be sent to this address. Because Allstate sent a reservation of rights letter to Roger Bright on January 5, 2005, Allstate has not waived its right to deny coverage.

With regards to estoppel, an insured must show that it was actually prejudiced by its insurer's withdrawal of defense to prove the insurer is estopped from raising a subsequent

coverage defense. *Underwriters at Lloyds*, 927 F.2d at 464. Prejudice is presumed only in extreme cases. *Underwriters at Lloyds*, 927 F.2d at 465. An example of presumed prejudice would be where an insurer claims non-coverage after judgement and surrenders all rights of appeal, thus making actual proof of prejudice impossible. *Transamerica Insurance Group v. Chubb and Son Inc.*, 16 Wash.App.247, 250 (1977). Estoppel is not favored by Washington courts and the party who asserts it must prove every element by clear, cogent and convincing evidence. *Underwriters at Lloyds*, 927 F.2d at 464, citing *In re Marriage of Sanborn*, 55 Wash.App. 124, 129 (1989). The factors considered to determine whether an insured has been prejudiced by its insurer's withdrawal of defense include the insured's loss of a favorable settlement opportunity or defense, its inability to produce all testimony in support of the defense, its inability to produce any material witness, or withdrawal so near the time of trial that the insured is hampered in preparing its defense. *Underwriters at Lloyds*, 927 F.2d at 464, citing *R.A. Hanson Co. V. Aetna Casualty & Sur. Co.*, 15 Wash.App. 608 (1976).

      The facts of this case do not indicate that Roger and Cynthia Bright were prejudiced by Allstate's actions. They have submitted no evidence to show the loss of a favorable settlement opportunity or defense. They have submitted no evidence that proves they were unable to produce all testimony in support of the defense or that they were unable to produce any material witness. They have submitted no evidence to show that Allstate's attempted withdrawal is so near the time of trial that they are hampered in preparing a defense. Since January 2005, Allstate provided legal counsel to them and defended the pending lawsuit. For the aforementioned reasons, the Court finds that Roger and Cynthia Bright were not prejudiced by Allstate's attempted withdrawal and that Allstate is not estopped from denying coverage.

//

//

//

CONCLUSION

For all of the foregoing reasons, Allstate's Motion for Summary Judgment [docket #27] is **GRANTED** and defendant's Cross Motion for Summary Judgment [docket #36] is **DENIED**. Their case is dismissed.  It is so ordered.

Dated this 18th day of July, 2006

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE